UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:05-CV-54-R

HAROLD E. TUELL                                                                                          PLAINTIFF

v.

JAKE STATON, et al.                                                                                     DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Harold E. Tuell, *pro se*, seeks six million dollars in compensatory and punitive damages against a county clerk, a state prosecutor, and a municipality under 42 U.S.C. § 1983 for the alleged deprivation of his due process rights. This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915A. The Court will dismiss the complaint for failure to state a claim on which relief may be granted.

**I.**

When a prisoner commences a civil action against a government entity, officer, or employee, the district court must review the complaint, before service of process on the defendants, to identify "cognizable claims" and to dismiss any portion of the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

The district court must liberally construe the allegations in a light most favorable to the plaintiff and accept all factual allegations as true. *Prater v. City of Burnside*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint fails to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). The complaint must contain more than

bare legal conclusions, *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 726 (6th Cir. 1996), and must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory," *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## II.

Plaintiff is serving a sentence in a state corrections facility on an unspecified criminal conviction arising from the Clinton Circuit Court, Commonwealth of Kentucky. He alleges he has been denied the "audio tapes" of his conviction "during the process" of seeking post-conviction relief in state court. (Compl. at 6.) Plaintiff attaches a letter, dated December 23, 2004, from Circuit Clerk, Jake Staton, stating his office does not have copy of the trial transcripts and that Plaintiff would have to contact the contract court reporter, Louise Duff of Russell Springs, at an unknown address, and make financial arrangements for same. Plaintiff states his sister contacted Ms. Duff, who "had no idea what was going on." (Compl. at 7.)

Plaintiff concludes, "These records should never have left the courthouse and my due process rights have been violated as have my civil rights." (Compl. at 7.) Plaintiff provides no information regarding the status of his state post-conviction motion.

Plaintiff seeks damages from three party-defendants: Jake Staton, Circuit Clerk, in his official and individual capacities; Charlton Hundley, Commonwealth Attorney, in an unspecified capacity; and the City of Albany, Kentucky.

### III.

Section 1983 provides civil remedies to individuals who suffer injury because their federal rights were violated by persons acting "under color of [state] law." 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340,351 (6th Cir. 2001). One federal right of prisoners in particular is the right of access to courts. *Christopher v. Harbury*, 536 U.S. 403, 413 (2002); *Lewis v. Casey*, 518 U.S. 343 (1996).

An essential element of an access-to-courts claim is the allegation of a lost remedy or harm not otherwise available in the underlying claim. *Harbury*, 536 U.S. at 415-16. "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id*. at 416; *see also Bransford v. Brown*, 806 F.2d 83 (6th Cir. 1986) (stating that "in order to demonstrate denial of a fair appeal, petitioner must show prejudice resulting from the missing transcripts.")

Here, it is not clear whether Plaintiff seeks damages because the "records left the courthouse" or because he lost a right of action for post-conviction relief in state court by the circuit clerk's refusal to provide "audio tapes of his conviction." (Compl. at 6, 7.) Plaintiff simply provides no information about the underlying post-conviction motion. The loss of audio tapes or the loss of a transcript in themselves is no cause of action cognizable under § 1983. Absent sufficient allegations of harm or injury that Plaintiff has sustained, the Court must dismiss this complaint.

The Court will enter an order consistent with this Memorandum Opinion.

Dated:

cc:      Plaintiff, *pro se*

4413.007